UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-103

**GARY McCOY,** *On Behalf of Himself and All*
*Others Similarly Situated*                                                                           **PLAINTIFF**

v.

**CHI-TOWN TRANSPORTATION, INC.,** *et al.*                                              **DEFENDANTS**

## OPINION AND ORDER

This matter is before the court upon Plaintiff's Individual Motion for Default Judgment (DN 7).  Defendants have not responded.  For the following reasons, Plaintiff's Motion (DN 7) is GRANTED.

## BACKGROUND

Plaintiff filed a Representative Action Complaint for Violation of the Fair Labor Standards Act and Class Action Complaint (DN 1) on June 16, 2011.  Plaintiff was employed by Defendant Chi-Town Transportation as a truck driver, although Defendant HT Truck Repair was listed on Plaintiff's W-2 Form as his employer. In the complaint, Plaintiff states that all of the defendants are related and share common ownership and control, "frequently starting new businesses to escape liabilities incurred by other businesses owned by the individual Defendants," and therefore Plaintiff was also an employee of Defendants Blankenship Enterprises, Henderson Transportation, TML Transit, Anthony Blankenship, James Blankenship, and Danny Blankenship.  Complaint, DN 1, at ¶ 13.  In the Complaint, Plaintiff alleged that the Defendants breached their contractual agreement to pay signing bonuses, failed to pay straight-time pay for all hours worked, and deducted truck insurance deductibles or premiums from

employees' pay.  Plaintiff alleged that these practices were in direct violation of the Fair Labor Standards Act (FLSA).

Plaintiff obtained service on Defendant Anthony Blankenship on June 25, 2011 making his answer due on or before July 15, 2011 (DN 4).  On July 14, 2011 attorney Kerry Smith contacted Plaintiff's counsel and indicated he had been contacted about representing Defendants Chi-Town Transportation, Anthony Blankenship, James Blankenship, and Danny Blankenship. Attorney Smith offered to waive service on Defendants Chi-Town Transportation and James and Danny Blankenship in exchange for an extension of the deadline for responding to Plaintiff's complaint.  On August 2, 2011 Attorney Smith notified Plaintiff's counsel that he did not represent the Defendants because they had not returned his engagement letter.  Defendant Anthony Blankenship has not filed an Answer or otherwise responded.  Based on Defendants' failure to appear and defend this matter, Plaintiff McCoy has elected to proceed with this matter on an individual basis, abandoning his class action claims.

## DISCUSSION

**1.  Entry of Default Against Anthony Blankenship**

Plaintiff asks for an entry of default judgment against Defendant Anthony Blankenship. Federal Rule of Civil Procedure 55 provides, "When a party against who a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).

The Court, having reviewed the record, finds that Plaintiff properly filed a complaint against Defendant Anthony Blankenship on June 16, 2011 and properly served him according to the Rules on June 25, 2011.  DN 1; DN 4.  Since being served, Defendant Anthony Blankenship has not responded within twenty-one (21) days or in other proper fashion as provided in the

Rules. Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiff through his motion moved this Court to enter default judgment against Defendant Anthony Blankenship on August 20, 2011.[1] DN 5. The Court finds that Defendant Anthony Blankenship has failed to plead or otherwise defend as is required by the Rules. As a result, Plaintiff is entitled to entry of default at to Anthony Blankenship.

**2. Entry of Default Judgment Against Anthony Blankenship**

After the clerk enters the party's default, a party may move the court for a default judgment. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due— must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . ." Fed. R. Civ. P. 55(b)(1). Plaintiff Cary McCoy has provided this Court with an affidavit showing the amount due from Defendant Anthony Blankenship.

In the affidavit, Plaintiff stated the following:

(1) Plaintiff applied for work with the defendants after seeing an advertisement promising a $2,000 signing bonus for new employees.

(2) Plaintiff worked for Defendants long enough to earn the entire signing bonus, but Defendants only paid him $1,500.

(3) Defendants deducted $1,000 from Plaintiff's wages to cover the deductible on Defendant Chi-Town Transportation's insurance policy for an accident in which he was involved in the course of his duties for the company.

(4) Plaintiff was not responsible for paying for truck insurance during his employment and never agreed to be responsible for the company's deductible.

---

[1] Although Plaintiff's motion requests an entry of default judgment, the clerk must first enter the party's default.

(5) Defendants never paid him for his final two weeks of work and owe him a total of $1,157.04.

(6) Plaintiff has allegedly incurred litigation costs of $403.04 for filing and serving this lawsuit, bringing his total losses to $3,060.08.

Accordingly, Plaintiff's claim is for a sum certain and he is entitled to judgment against Anthony Blankenship in the amount of $3,060.08.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion (DN 7) is GRANTED. Plaintiff's previous motion for Default Judgment and Class Certification (DN 5) is DENIED as MOOT. An appropriate order will follow.